UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                                    Case No.: 1-09-46912-JBR

PRIME PROPERTIES OF NEW YORK, INC.,              Chapter 11

                    Debtor.
-------------------------------------------------------------x


**DECISION AND ORDER ON MOTION TO VACATE THE AUTOMATIC STAY AND
THE MOTION TO SELL PROPERTY FREE AND CLEAR OF LIENS**

JOEL B. ROSENTHAL
United States Bankruptcy Judge

       The matter is before the Court on a Motion for Relief From the Stay (the "Lift Stay Motion") (Docket #21), of creditor JP Morgan Chase Bank, N.A. as servicer for Fannie Mae ("JPMC"), and a Motion to Sell Property Free and Clear of Liens (the "Sale Motion") (Docket #23) of Prime Properties of New York, Inc. For the reasons set forth below, the Lift Stay Motion is granted and the Sale Motion is denied.

**JURISDICTION**

       The Court has jurisdiction over this core proceeding under 28 U.S.C. §§ 1334 and 157(b)(2) and the Eastern District of New York standing order of reference dated August 28, 1986. This Decision and Order constitutes the Court's findings of facts and conclusions of law required by Fed. R. Bankr. P. 7052.

**FACTUAL AND PROCEDURAL BACKGROUND**

       On August 12, 2009, Prime Properties of New York, Inc. (the "debtor") filed a voluntary petition for an order for relief under Chapter 11 of the Bankruptcy Code. The debtor is

an owner of a multi-family residential apartment complex located at 300 and 304 Tenth Street, Brooklyn, NY, 11215 (the "Property"). In the petition, the debtor acknowledged its status as a single asset real estate as defined in 11 U.S.C. §101(51B). JPMC is the Special Servicer for Fannie Mae, owner of the Promissory Note dated April 30, 2007 in the original principal amount of $8,000,000.00 (the "Note") and secured by a Mortgage and Security Agreement dated April 30, 2007 (the "Mortgage") on the Property. JPMC filed a proof of claim, with respect to the Note and Mortgage and on behalf of Fannie Mae, in the amount of $9,746,471.60.

On November 11, 2009, eighty-four (84) days after the order for relief, JPMC filed the Lift Stay Motion on the grounds of Sections 362(d)(1) and (2). In the Motion, JPMC valued the Property at $6,570,000.00, and alleged that there is no equity in the Property and the debtor was without a reasonable prospect of feasible reorganization.

On December 9, 2009, the debtor filed the Sale Motion. The debtor has or had entered into a contract to sell the Property for the sum of $5,250,000.00, subject to court approval (the "Contract"). The debtor's own appraisal of the Property suggested a value of $5,000.000.00, and the debtor believed that the debtor's Contract would generate an extra $250,000.00 that could be distributed through a plan of reorganization.

After numerous adjournments, on July 20, 2010, the Court issued an Order Setting Date to File Responses and Objections to Motion to Lift Stay and Debtor's Sale Motion and Pretrial Order. JPMC filed an Affirmation in Opposition to Debtor's Motion to Sell Real Property Pursuant to Section 363 of Bankruptcy Code Free and Clear of All Liens and Encumbrances (the "JPMC's Opposition") (Docket #60) and the debtor filed a Response of Debtor to Motion to Vacate Automatic Stay by J.P. Morgan Chase Bank, N.A. (the "Debtor's

Response") (Docket #61). On September 29, 2010, as ordered, the debtor and JPMC filed a Joint Statement - Joint Pre Trial Memorandum (the "Pre-Trial Statement") (Docket #64).

JPMC argued that the debtor failed to prove that Section 363(f) of the Bankruptcy Code could be satisfied and that Section 363(k) allows the Secured Creditor to credit bid at any sale of the Property and therefore effectively negates any argument that JPMC could be compelled to accept a money satisfaction of less than the actual or economic value of its claim. See JPMC's Opposition. In its response, the debtor reiterated the arguments of its Sale Motion. See Debtor's Response.

## DISCUSSION

### Motion for Relief From the Stay

Section 362(d) of the Bankruptcy Code, provides that on request of a party in interest and after notice and a hearing, the court shall grant relief from the automatic stay. 11 U.S.C. §362(d); Section 362(g) puts the burden of proof on the issue of the debtor's equity in property on the party requesting the lifting of the automatic stay, and the party opposing such relief has the burden of proof on all other issues.

JPMC alleged that the debtor lacks equity in the Property and the debtor was without a reasonable prospect of feasible reorganization. See Lift Stay Motion. Pursuant to the Joint Statement, the Court does not need to determine the exact value of JPMC's interest in the property as the debtor admits that it has no equity in the Property. See Joint Statement, at pg.3.

The debtor is a single asset real estate which has not filed a plan of reorganization in the 14 months since filing its petition. The debtor has not provided any basis for the Court to find that there is a reasonable prospect of feasible reorganization and therefore the Court grants

the Motion to Lift the Stay.

## Motion to Sell Property Free and Clear of Liens

Section 363(f)[1] provides that the trustee or debtor-in-possession may sell property free and clear of any interest in such property of an entity other than the estate under certain conditions. 11 U.S.C. §363(f). The debtor's Sale Motion failed to specify the rules and statutory provisions upon which it is based as required under the E.D.N.Y. LBR 9013-1 which in itself may be a ground to deny the motion. Nonetheless, the Court scrutinized all the conditions of Section 363(f) that could apply to the Sale Motion.

The debtor failed to allege that there is any applicable nonbankruptcy law that permits the sale of such property free and clear and that the JPMC's interest is in a bona fide dispute. Therefore, conditions under Section 363(f)(1) and (4) could not be satisfied. JPMC also stated that it does not consent to the proposed sale and the condition under Section 363(f)(2) could not be satisfied either. See JPMC's Opposition.

Pursuant to Section 363(f)(3), if the interest in the property is a lien, "the price at which such property is to be sold is greater than the aggregate value of all liens on such property". Section 363(f)(3) requires that the actual "*purchase price* at which the Property is to be sold"[emphasis added] and not the estimated value of the Property, to be greater than the

---

[1] 11 U.S.C. §363(f) in pertinent part states:
  "(f) The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if—
   (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
   (2) such entity consents;
   (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
   (4) such interest is in bona fide dispute; or
   (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest".

value of the lien. See also In re WDH Howell, LLC., 298 B.R. 527 (D.N.J. 2003). The debtor also failed to allege how JPMC could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of its interest in the Property, as required by Section 363(f)(5). Therefore the debtor fails to satisfy the conditions under Section 363(f)(3) and (5).

The debtor's Sale Motion fails to satisfy Section 363(f) and is therefore denied.

## CONCLUSION

For the reasons seth forth above, the Motion for Relief from the Automatic Stay (Docket #21) is granted and the Motion to Sell Property Free and Clear of Liens (Docket #23) is denied.

The evidentiary hearing on valuation scheduled for October 20, 2010 is cancelled.

IT IS SO ORDERED

Dated: Brooklyn, New York
       October 13, 2010

                                            s/ Joel B. Rosenthal
                                            Hon. JOEL B. ROSENTHAL
                                            United States Bankruptcy Judge